IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TAMARA KAY FULMER-STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-998-RP |
| | § | |
| THE CITY OF SAN ANTONIO, | § | |
| TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants the City of San Antonio, Bexar County, and Bexar County District Clerk Gloria Martinez's (collectively, "Defendants") Motion for Intra-District Transfer to the San Antonio Division, filed on April 27, 2026. (Dkt. 4). Plaintiff Tamara Kay Fulmer-Stewart ("Plaintiff") did not file a response. Having considered the motion, the record, and the relevant law, the Court finds that the motion should be granted.

## I. LEGAL STANDARD

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As such, "[t]he preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 312 (5th Cir. 2008). If so, the Court turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)).

The relevant factors include matters of both private and public interest. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004); *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen I* 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

The Court must also "give some weight to the plaintiffs' choice of forum." *Atl. Marine Const. Co.*, 571 U.S. at 63 n.6. However, the plaintiff's venue choice "is neither conclusive nor determinative." *In Re: Horseshoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003). Rather, the party seeking transfer must show "good cause": a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Thus, when the transferee venue is "not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d 304, 315 (5th Cir. 2008). But when the movant demonstrates that the transferee venue is clearly more convenient, "it has shown good cause and the district court should therefore grant the transfer." *Id.*

## II. DISCUSSION

At the outset, the Court notes that it could grant Defendants' motion as unopposed in light of Plaintiff's lack of opposition.[1] *See* Loc. R. W.D. Tex. CV-7(e)(2) (requiring an opposing party to respond to a non-case management motion within fourteen days and allowing the district court to grant a motion as unopposed if no timely response is filed). In addition to its authority to grant the motion as unopposed, the Court also finds that good cause warrants a transfer to the San Antonio Division of the Western District of Texas.

First, venue and jurisdiction would have been proper in the San Antonio Division when Plaintiff filed this suit. Defendants are subject to the jurisdiction of the Western District of Texas for this suit given that they removed this suit from the 428th Judicial District Court, Hays County, Texas,[2] (Not. Removal, Dkt. 1), and for the reasons discussed below, venue is appropriate in the San Antonio Division. Further, "[i]f venue is proper in one division of a district, then venue is proper in another division within that same district." *Martinez v. City of Fort Worth, Texas*, No. CIV.A.3:02-CV-2286-M, 2003 WL 21289654, at *1 (N.D. Tex. May 28, 2003) (citing *Says v. M/V David C. Devall*, 161 F. Supp. 2d 752, 753 (S.D. Tex. 2001)). Therefore, the preliminary question is satisfied. *See Volkswagen II*, 545 F.3d at 312.

Next, the Court turns to the public and private interest factors. *See Volkswagen I*, 371 F.3d at 203. Here, the interests of justice favor transferring the case to the San Antonio Division because the facts presented to the Court suggest that all parties are located in the San Antonio Division[3]; the

---

[1] In addition to the fact that Plaintiff did not file a response, Defendants also called Plaintiff to determine whether she opposed transfer of this case to the San Antonio Division and they represented that "Plaintiff advised that she is not engaging in the case and not answering the question (regarding opposition) due to fraud on the court." (Certificate of Conference, Dkt. 7, at 1).

[2] The Court notes that Defendants followed the proper removal procedure per 28 U.S.C. § 1446(a) in removing this case to the Austin Division, given that it was originally filed in Hays County.

[3] Plaintiff's service address is 8452 Fredericksburg Rd. #444, San Antonio, TX 78229, and the Court finds no evidence suggesting she has an additional residence in Austin.

occurrences giving rise to Plaintiff's Complaint took place in the San Antonio Division; and all likely witnesses will be located in the San Antonio Division. (Mot., Dkt. 4, at 2). *See Martinez,* 2003 WL 21289654 at *2 ("[W]here, as here, neither party resides in Dallas, and the location of the defendants, witnesses, and evidence, as well as the locus of operative facts, all point to a different venue, the plaintiff's original choice of forum is entitled to little weight.").

Moreover, the Court agrees with Defendants that the initial venue of this matter in the 428th Judicial District Court in Hays County was improper because Plaintiff sued Defendant Bexar County, and mandatory venue for all suits against Bexar County is in Bexar County. (*Id.* (citing Tex. Civ. Prac. & Rem. Code § 15015 ("An action against a county shall be brought in that county.")). Accordingly, the San Antonio Division is the proper venue to adjudicate claims against its local government entities—the City of San Antonio; Bexar County; and District Clerk Gloria Martinez.

### III. CONCLUSION

For the reasons discussed above, Defendants' Motion for Intra-District Transfer, (Dkt. 4), is **GRANTED**. Accordingly, **IT IS ORDERED** that this action is **TRANSFERRED** to the San Antonio Division of the Western District of Texas.

**SIGNED** on May 28, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE